Case 5:20-cv-00021   Document 29   Filed on 06/16/21 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **ALVARO VILLANUEVA, CYNTHIA VILLANUEVA, and WHITNEY TURGEON, AS NEXT FRIEND OF A.V., III, A MINOR CHILD,** | § § § § § § | |
| **Plaintiffs,** | § § | |
| V. | § § | CIVIL ACTION NO. 5:20-CV-21 |
| **UNITED STATES OF AMERICA,** | § § § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION

Before the Court for proposed approval is the settlement of the claims of A.V., III, Minor Plaintiff. A hearing was held on the proposed settlement on June 8, 2021.

This case arises out of a traffic accident that occurred on February 27, 2018. Whitney Turgeon filed suit as next of friend of A.V., III ("A.V."), alongside Plaintiffs Alvaro Villanueva and Cynthia Villanueva, against Defendant United States of America ("Defendant"). (Dkt. No. 1 at 3). Plaintiffs alleged that an employee of Defendant negligently operated a vehicle owned by Defendant, causing a collision that injured all Plaintiffs. (*Id.*). The parties reached a settlement agreement, subject to Court approval, on May 27, 2021, at the conclusion of a Court-hosted mediated settlement conference. (Min. Entry, May 27, 2021). The Court subsequently held a hearing on approval of A.V.'s settlement. (Dkt. No. 23). For the reasons stated below, the Court **RECOMMENDS** that the District Judge approve the proposed settlement as it pertains to Minor Plaintiff A.V.

**I. Background**

On February 27, 2018, A.V. was a passenger in a vehicle which was involved in an accident with a vehicle operated by an employee of Defendant while in the scope of his duties. (Dkt. No. 1 at 3). According to the evidence presented at the hearing, A.V. was not treated by any medical providers after the accident. (*See* Dkt. No. 24-2 at 2). A.V.'s mother, Whitney Turgeon, testified that following the accident, A.V. was very irritable

and was suffering from frequent crying spells. (*Id.*). Ms. Turgeon testified that A.V. suffered night terrors after the accident. (Min. Entry, Jun. 8, 2021). However, she testified that the night terrors are much less frequent now. (*Id.*). Ms. Turgeon testified that there were no medical expenses incurred by A.V. as a result of this accident. (*Id.*).

Plaintiff Whitney Turgeon, as next of friend of A.V., testified at the conclusion of the June 8 hearing that: (1) A.V. has fully recovered from his injuries, (2) A.V. has no further lasting effects from the accident, (3) the amount of the settlement pertaining to A.V. fairly compensates him for his damages, and (4) Plaintiff Whitney Turgeon, as next of friend of A.V., approves of the settlement of A.V.'s claims.

## II. Legal Standards

A district court has the "inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Del Bosque v. AT&T Ad- vert., L.P.*, 441 Fed. App'x 258, 260 (5th Cir. 2011) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). "The gravamen of an approvable proposed settlement is that it be 'fair, adequate, and reasonable and is not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

The law of the minor's domicile "presumptively . . . would control" in determining whether a next friend may settle a claim on the minor's behalf. *St. John Stevedoring Co., Inc. v. Wilfred*, 818 F.2d 397, 400 (5th Cir. 1987). Federal Rules of Civil Procedure 17 provides that a minor may sue by a next friend, as follows:

> (c) Minor or Incompetent Person
>
> [...]
>
> (2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). Additionally, Texas Rules of Civil Procedure 44, provides:

> Minors, lunatics, idiots, or persons non compos mentis who have no legal guardian may sue and be represented by "next friend" under the following rules:

> (1) Such next friend shall have the same rights concerning such suits as guardians have, but shall give security for costs, or affidavits in lieu thereof, when required.
>
> (2) Such next friend or his attorney of record may with the approval of the court compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the court, shall be forever binding and conclusive upon the party plaintiff in such suit.

Tex. R. Civ. P. 44.

"A minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The Court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Typically, a court cannot appoint a guardian ad litem where the minor is already represented by someone who is considered appropriate under the law of the forum state. *Rivas v. Greyhound Lines, Inc.*, 2015 WL 13710123, at *1 (W.D. Tex. June 18, 2015).

### III. Findings of Fact and Conclusions of Law

On May 27, 2021, the parties reached an agreement to settle the claims in this matter. (Min. Entry, May 27, 2021). Pursuant to the settlement agreement, Defendant agreed to pay the total sum of $1,500.00 for settlement of A.V.'s claims in exchange for a release of all claims regarding the incident.

At the hearing and in the written Settlement Statement, (Dkt. No. 24-2), Plaintiffs' counsel represented that A.V. will receive the entire amount of the $1,500 settlement agreement for his claims. (Dkt. No. 24-2 at 2). No attorney's fees or any other expenses will be deducted from A.V.'s settlement amount. (*Id.*).

 The Court finds that it is not necessary or appropriate to appoint a guardian ad litem to protect the interests of Minor Plaintiff A.V. because there is no potential or actual conflict of interest between the A.V and his parent, Whitney Turgeon. Whitney Turgeon was not involved in the accident and is not an individual plaintiff in this matter. Additionally, A.V. did not receive any medical care after the accident and did not incur any expenses related to the accident. (Dkt. No. 24-2 at 3). Given these factors, the Court finds that there is no conflict of interest in this matter. The Court finds that Plaintiff Whitney Turgeon, as next friend of A.V., can adequately protect the interests of A.V. in

this lawsuit.

After independent review of the proposed agreement and consideration of the parties' representations and testimony, the Court finds that A.V.'s interests have been properly protected, that there is no evidence of fraud, duress, or collusion, and that the proposed agreement is fair, reasonable, and in A.V.'s best interests.

At the conclusion of the hearing, Whitney Turgeon, as next friend of A.V., requested that a portion of the settlement funds be withdrawn for the purpose of buying a laptop for A.V. to use at school. The Court held a subseqent hearing on this limited issue on June 16, 2021. At the hearing, counsel for Whitney Turgeon, as next friend of A.V., informed the Court that Ms. Turgeon was withdrawing her request. Accordingly, the Court finds that depositing A.V.'s settlement funds in the Registry of the Court until A.V. reaches the age of majority is in A.V.'s best interest.

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **APPROVE** the proposed settlement as it pertains to Minor Plaintiff A.V. The Court further **RECOMMENDS** that, upon receipt of the settlement funds for A.V., the Clerk of Court be **DIRECTED** to deposit said funds into an interest-bearing account. A.V. will be entitled to withdraw his settlement funds upon reaching eighteen years of age and upon the filing of a proper motion and order by the Court. The Court further **RECOMMENDS** that the parties be ordered to file their Joint Stipulation of Dismissal within <u>**thirty days**</u> of the entry of an order accepting this Report.

**IV. Parties' Waiver of Objections and Request to Adopt this Report**

At the close of the settlement hearing, all Plaintiffs and Defendants, through their counsel, waived their right to object to the proposed findings and recommendations contained in this Report, stated that they had no objection to the Court's findings, and requested that the District Court accept the findings of this Court. Therefore, the District Court may act on this Report immediately.

**SIGNED** on June 16, 2021.

_____
John A. Kazen
United States Magistrate Judge